IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KYLE W. DAVIS, individually and on behalf of a class of similarly situated persons, et al., | ) ) ) ) | 05 C 1967 |
| Plaintiffs, | ) ) | Judge Holderman |
| v. | ) ) | Magistrate Judge Mason |
| CITY OF CHICAGO, a municipal corporation, et al., | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT**

On January 26, 2006, plaintiffs moved this court for leave to file their *fifth* amended complaint in this action – a complaint that for the first time since this lawsuit was filed on April 4, 2005, seeks to name the individual detectives with whom plaintiffs interacted, as well as to bring punitive damage claims against each of them. It is well-established that leave to amend need not be granted for reasons such as undue delay, bad faith, or undue prejudice to defendants. As all of these factors here are present, this court should deny plaintiffs' motion.

**Relevant Procedural History**

Plaintiffs originally filed this class action lawsuit on April 4, 2005. In the interim between that initial filing and the filing of the motion at issue, plaintiffs have amended their complaint four times, so that there are now four plaintiffs – Ramon Ayala, Kyle Davis (the class representative), Josefina Rodriguez, and Ernest Smith. No later than August, 2005, plaintiffs knew the identities of the detectives with whom Ayala, Davis, and Rodriguez interacted. No

1

later than November, 2005, plaintiffs knew the identities of the detectives with whom Smith interacted. Notwithstanding the disclosure of this information, plaintiffs chose not to add these individuals as defendants, even as they amended their complaint for other reasons on four different occasions.

Throughout this litigation plaintiffs unabashedly and singlemindedly have sought injunctive relief regarding their *Monell* claim that the City has a practice of unlawfully detaining witnesses in criminal investigations. Following an evidentiary hearing, this court denied plaintiff's motion for a preliminary injunction. On January 23 and 24, 2006, the parties participated in a court-mediated settlement conference. Despite defendants' willingness to pay each of the four plaintiffs for their alleged damages, the case did not settle because plaintiffs refused as part of the settlement to dismiss their claim for injunctive relief. On January 26, – two days after the failed settlement conference – plaintiffs filed their motion for leave to file their fifth amended complaint, naming individual police detectives as defendants, and seeking punitive damages from each of them.

## Argument

Pursuant to Fed.R.Civ.P. 15(a), where a responsive pleading has already been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). However, "leave to amend need not be given if there is apparent reason not to do so, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure the deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment'". *Payne v. Churchich*, 161 F.3d 1030, 1036 (7th Cir.

1998), *cert denied*, 527 U.S. 1004, 119 S.Ct. 2339 (1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962)).

This court should deny plaintiffs' motion to amend the complaint a fifth time to add eight detectives as individual defendants, from whom plaintiffs seek punitive damages. Plaintiffs' bad faith in seeking to amend their complaint in this way is patent. This case failed to settle because of the truculence of plaintiffs' counsel regarding pursuit of plaintiffs' claim for injunctive relief. If plaintiffs had been willing to dismiss this claim, each of the individual plaintiffs would have received financial compensation for their alleged constitutional deprivation in an amount that plainly was acceptable to the five plaintiffs in *Johnson v. City of Chicago* who settled identical claims against the City. Hence, plaintiffs' tactic of naming individual defendants must be seen as an attempt to punish the City for insisting that this case settle in its entirety. Plaintiffs still are seeking the injunction that they have wanted all along – that fundamental fact has not changed – but now they are forcing eight individual detectives to defend against claims that could have been resolved without resorting to litigation. Such bad faith on plaintiffs' part should not be rewarded.[1]

In addition to the punitive intent behind plaintiffs' motion for leave to file their fifth amended complaint, granting this motion will have an unduly prejudicial effect on the City. If

---

[1] The decision of plaintiffs' counsel to litigate these claims that could have settled also raises the question of whether their litigation decisions are being made mindful of the best interests of their own clients. Plaintiffs obviously have no guarantee that they will prevail at trial against these defendants, and if they lose, not only will they collect nothing, but they will be exposed to paying defendants' litigation costs. In addition, the individual defendants, once they enter this litigation, will have the right to conduct their own discovery as to plaintiffs, thus subjecting them to a second deposition and its attendant risks to plaintiffs. Once again, defendants ask – and this court should ask as well – whose interests are being served in this lawsuit – the ideological interests of counsel, or the financial interests of their clients.

there are individual defendants in this lawsuit, they will be represented by counsel other than the attorneys who represent the City and Superintendent Cline, whose view of the case and what constitutes its most favorable resolution may differ from that of the City. The possibility of a conflict of interest is magnified by the fact that plaintiffs bring punitive damage claims against the individual defendants. Because the City does not indemnify its employees for punitive damage awards against them, the individual defendants may have an incentive to settle this case not shared by the City, thereby affecting the City's litigation strategy and settlement posture in a way adverse to the City's interest in litigating and defeating plaintiffs' claim for injunctive relief.

Finally, plaintiffs' bad faith in bringing this motion at this time is manifest by their undue delay in doing so, and their "repeated failure to cure the deficiencies by amendments previously allowed." As noted above, the identities of these would-be defendants – especially those who had contact with Ayala, Rodriguez, and Davis – has been no secret to plaintiffs for approximately six months. Thus, plaintiffs have been dilatory in seeking to amend the complaint to add these individuals as defendants. Although plaintiffs' claims against these individual defendants are not time-barred, a motion for leave to amend a complaint to add additional parties that is brought within the statute of limitations period need not always be granted – there are numerous ways in which a non-moving party may be prejudiced that do not involve allegations of memory and document loss and in no way implicate the statute of limitations. *See Dubicz v. Commonwealth Edison Company*, 377 F.3d 787, 793 n.2 (7th Cir. 2004). While undue delay, standing alone, is normally an insufficient reason to deny a motion for leave to amend, in this case, the undue delay is coupled with prejudice to defendants and bad faith on the part of plaintiffs. *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992). Hence, the delay in naming individual defendants,

4

in conjunction with the timing of this motion and the numerous prior opportunities to add individual defendants that were forsaken, should leave no doubt in this court's mind as to plaintiffs' subversive motives in filing it.

## Conclusion

It is no secret that all along plaintiffs' paramount desire in this case has been to litigate the alleged policy of the City regarding the treatment of witnesses, in order to obtain injunctive relief as to that alleged policy. Adding particular detectives as parties to the litigation in no way serves this purpose. Plaintiffs have brought a *Monell* claim and the individual detectives are not necessary parties for plaintiffs to litigate that claim. Therefore, for the reasons stated above, this court should deny plaintiffs' motion for leave to amend their complaint for yet a fifth time to add eight named defendants from whom punitive damages will be sought.

                                                Respectfully submitted,

                                                MARA S. GEORGES
                                                Corporation Counsel of the City of Chicago

                        By:    /s/ George J. Yamin, Jr.
                                GEORGE J. YAMIN, JR.
                                Senior Counsel

30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-0454
Attorney No. 06217483

5