## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| KYLE DAVIS, individually and on behalf of a class of similarly situated persons; | ) ) ) | No.   05 C 1967 |
|  | ) |  |
| Plaintiffs, | ) | Judge James F. Holderman |
|  | ) |  |
| v. | ) | Magistrate Judge Michael T. Mason |
|  | ) |  |
| CITY OF CHICAGO, a municipal corporation and PHIL CLINE, Superintendent of the Chicago Police Department, | ) ) ) ) | Jury trial demanded |
| Defendants. | ) |  |

## RELEASE AND SETTLEMENT AGREEMENT

Plaintiff Kyle Davis, on behalf of a class of similarly situated persons, by his attorneys, Craig Futterman and Locke Bowman, and the defendant City of Chicago, by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, herein stipulate and agree to the following:

1.      This action has been brought by plaintiff Kyle Davis, on behalf of a class of similarly situated persons, against the defendant City of Chicago, and makes certain allegations contained in plaintiff's complaint.

2.      Defendant denies each and every allegation of wrongdoing as stated in plaintiff's complaint, and, further, denies liability.

3.      The parties and their respective attorneys acknowledge that settlement of this claim is not an admission of liability, or of unconstitutional or illegal conduct by or on the part of any defendant and/or the City of Chicago's future, current or former officers, agents and

employees, and shall not serve as evidence or notice of any wrongdoing by or on the part of any

defendant and/or the City of Chicago's future, current or former officers, agents and employees.

The parties and their respective attorneys further acknowledge that settlement is made to avoid

the uncertainty of the outcome of litigation and the expense in time and money of further

litigation and for the purpose of judicial economy. Plaintiff and his attorneys agree that he or

any firm with which said attorney is affiliated or with which said attorney may later become

affiliated shall not use this settlement as notice of misconduct on the part of any defendant and/or

the City of Chicago's future, current or former officers, agents and employees, or for any other

purpose in any other litigation, and that any such use is inconsistent with the terms of this

Release and Settlement Agreement.

4.      In consideration of the hereinafter indicated settlement entered pursuant to this

Release and Settlement Agreement, and upon advice of counsel, plaintiff Kyle Davis, on behalf

of a class of similarly situated persons, agree to dismiss with prejudice all of the class claims

against the defendant City of Chicago. Concerning costs and attorneys' fees, defendant City of

Chicago does not object to plaintiff Kyle Davis, on behalf of a class of similarly situated persons,

filing a fee petition with the Court not to exceed the amount of $250,000.00.

5.      Plaintiff Kyle Davis, on behalf of a class of similarly situated persons, accepts the

terms enunciated below in Paragraph (6) as a full and final settlement from defendant City of

Chicago.

6.      The City of Chicago has implemented Detective Division Special Order No. 07-

05, Treatment of Witnesses [Rescinds D.D.S.O. 06-01 and D.D.S.O. 06-01 A; Attached hereto as

Exhibit A]. The Chicago Police Department may, in its discretion and in good faith, modify,

amend, rescind or revise the Detective Division Special Order and/or Training Bulletin regarding

the treatment of witnesses; however, such modification, amendment, rescission, or revision will

not diminish the right of a witness to leave a police facility, including informing a witness under

the circumstances outlined in Special Order 07-05, §§ V D and VIII **Note**, of his or her right to

leave a police facility, subject to a change in the governing law of police conduct pertaining to

the right of a witness to be informed of his or her right to leave a police facility.

7.      Nothing in paragraph 6 of the Release and Settlement Agreement shall be

construed to create a consent decree between the parties or to permit this Court to retain

jurisdiction, after entry of the Order of Dismissal, over the enforcement of this Release and

Settlement Agreement, pursuant to *Shapo v. Engle*, 463 F.3d 641 (7th Cir. 2006).

8.      In consideration of this settlement entered pursuant to this Release and Settlement

Agreement, and upon advice of counsel, plaintiff agrees to indemnify and hold harmless the City

of Chicago, and its future, current, or former officers, agents and employees, from any claims,

losses, damages or expenses, including attorneys' fees and costs, incurred, or which may be

incurred, by reason of any lien or any other claim or interest held by any person, entity or

corporation against any moneys received or to be received by plaintiff under this settlement

entered pursuant to this Release and Settlement Agreement.

9.      Plaintiff, upon advice of counsel, understand and agree that in consideration of

the settlement entered pursuant to this Release and Settlement Agreement, plaintiff, on behalf of

a class of similarly situated persons, do hereby release and forever discharge on behalf of

themselves and their heirs, executors, administrators and assigns, all injunctive claims he, as a

class representative, had or has against the City of Chicago, and its future, current or former

3

officers, agents and employees, including but not limited to all claims he had, have, or may have in the future, under local, state, or federal law, arising either directly or indirectly out of the incident which was the basis of this litigation, and that such release and discharge also is applicable to any and all unnamed and/or unserved defendants.

10.    This Release and Settlement Agreement and any documents that may be executed under paragraph 13 herein contain the entire agreement between the parties with regard to the settlement of this action, and shall be binding upon and inure to the benefit of the parties hereto, jointly and severally, and the heirs, executors, administrators, personal representatives, successors, and assigns of each.

11.    This Release and Settlement Agreement is entered into in the State of Illinois and shall be construed and interpreted in accordance with its laws.  Terms contained herein shall not be construed against a party merely because that party is or was the principal drafter.

12.    In entering into this Release and Settlement Agreement, plaintiff represents that he has relied upon the advice of his attorney, who is the attorney of his own choice, and that the terms of this Release and Settlement Agreement have been interpreted, completely read and explained to him by his attorney, and that those terms are fully understood and voluntarily accepted by plaintiff.  Plaintiff also represents and warrants that no other person or entity has or has had any interest in the claims or causes of action referred to herein, that he and his attorney have the sole right and exclusive authority to execute this Release and Settlement Agreement and receive the consideration specified herein, and that he has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims or causes of action referred to herein.

4

13.     All parties agree to cooperate fully and to execute a  Stipulation to Dismiss and

any and all supplementary documents and to take all additional actions which are consistent with

and which may be necessary or appropriate to give full force and effect to the basic terms and

intent of this Release and Settlement Agreement.


CITY OF CHICAGO
a Municipal Corporation

Kyle Davis,
plaintiff
on behalf of a class of similarly situated persons

Address: 4214 TOD
AVE

Date of birth: 08/21/67
*SSN: 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

Mara S. Georges

Corporation Counsel
Attorney for City of Chicago

BY: _Sara Ellis_
Sara Ellis
Assistant Corporation Counsel
30 North LaSalle Street Suite 900
Chicago, Illinois  60602
(312) 744-6919
Attorney No. 06224868

DATE: 7/26/07

Craig Benson Futterman
Edwin F. Mandel Legal Aid Clinic
6060 South University Avenue
Chicago, Illinois 60637
(773) 702-9611
Attorney No.

DATE: July 20, 2007

*Providing SSN is voluntary

5

EXHIBIT A

| Detective Division<br>Special Order | Date of Issue<br>**09 April 2007** | Effective Date<br>**12 April 2007** | No.<br>**07-05** |
|---|---|---|---|
| Subject<br>**Treatment of Witnesses** | | Amends | |
| Related Directives | | Rescinds<br>**D.D.S.O. 06-01**<br>**D.D.S.O. 06-01 A** | |

## I. PURPOSE

This order:

1. memorializes the uniform standard of treatment of witnesses.

2. order defines the term "Witness Advisory".

3. establishes when a Witness Advisory must be provided and documented.

4. establishes the new module for recording the giving of the Treatment of Witness Advisory in the C.H.R.I.S. Reporting System.

5. delineates the procedures for entering the information in C.H.R.I.S.

## II. POLICY

A. <u>All police action regarding witnesses shall be in accordance with the Fourth Amendment</u>.  The Fourth Amendment requires probable cause for the police to seize a person, or to detain a person in a police facility, against the person's will.  There is no probable cause to seize a person or detain a person in a police facility solely because the person is a witness.  A witness shall be free to leave.

B. <u>Conditions for witnesses at police facilities shall be reasonable</u>.  Members shall ensure, to the extent reasonably possible, that where a witness is in a Police Facility, the witness's reasonable needs for food, water and bathroom facilities shall be adequately addressed and the witness's need and desire for security, privacy and confidentiality shall be protected.

## III. LAW

<u>Fourth Amendment objective test</u>:  The test for determining whether a person, including a witness, has been seized within the meaning of the Fourth Amendment is whether, in view of all the circumstances, a reasonable person would have believed that he/she was not free to leave.  Members shall not create or perpetuate circumstances under which a reasonable person in the witness's position would believe that he/she was not free to leave.

## IV. DEFINITIONS

A. **"Witness Advisory"**- a statement by an officer which clearly advises the witness that he/she is free to leave, to the effect that:

1. you are here as a witness because we need your help to solve a crime;
2. we are asking you to stay here as long as is reasonably necessary to help solve the crime;

3. you are free to leave when you want;

4. we depend upon the help of witnesses like you to solve crimes and prevent additional crimes;

   **NOTE:**   Depending upon the circumstances, the wording of the Witness Advisory need not be these exact words or in the exact order presented, but must under all circumstances include the clear statement to the witness that:  **"You are free to leave when you want."**

B. **Police Facility** - a Chicago Police Department facility where the follow-up investigation of a crime is being conducted by Chicago Police Department members, usually, but not always the Detective  Division Area.

## V.   DETECTIVE RESPONSIBILITIES

Detectives investigating crimes will:

A. Ensure the comfort and overall well-being of the witness while in the Police Facility to the extent reasonably possible, including access to bathroom facilities, telephone, food and drink on a reasonable basis.

B. Ensure the security and privacy of the witness while in the Police Facility to the extent reasonably possible.

C. Ensure the integrity of the investigation, including the integrity of the witness's accounts and statements, to the extent reasonably possible.

D. If the circumstances surrounding a witness in a Police Facility are such that a reasonable person in the witness's position would have believed that he/she was not free to leave, then the Detective must inform the witness that the witness is free to leave.

E. Document on the General Progress Reports the circumstances of voluntariness, including, if a witness advisory was provided to the witness, the date and time, the name of the detective by whom it was provided, and who else was present during the Witness Advisory. *See* Section IX for circumstances which may relate to voluntariness.

## VI.   PRESUMPTION OF VOLUNTARINESS

A. Providing a Witness Advisory shall create a presumption that the witness's statements and cooperation are voluntary.

B. The absence of a Witness Advisory shall not create a presumption against voluntariness.  Instead, if there is no Witness Advisory, voluntariness shall be assessed by whether the circumstances surrounding the witness were such that a reasonable person in the witness's position would have believed that he/she was free to leave.

## VII.   WITNESS COOPERATION ENCOURAGED

Nothing in this Order shall preclude a detective from attempting to persuade a witness to stay at the Police Facility and cooperate with the investigation, provided that the detective does not prevent the witness from leaving the Police Facility when the witness wants to leave.

## VIII.   ACCESS TO WITNESSES

For purposes of ensuring the security and privacy of the witness while in the Police Facility and ensuring the integrity of the investigation, a detective may:

A.  deny others access to the witness in person or by telephone.  When a person appears at the Police Facility claiming to be a family member, friend or lawyer seeking access to the witness, the law does not require that the detective grant that request, or that the detective notify the witness that the family member, friend or lawyer is seeking such access, although the detective in his/her discretion may do so when appropriate.

B.  temporarily limit telephone access of the witness, but only for so long as is necessary to protect the security and privacy of the witness and the integrity of the investigation;

C.  place the witness in a locked interview room *provided* that the detective ensures that the witness has reasonable access to bathroom facilities, food and water and that the witness's right to leave is not denied.  The detective may do this by either remaining in close proximity to the room or ensuring that other police personnel who are aware of the witness's presence remain in close proximity to the room.

> **NOTE:**   **When a detective places a witness in a locked interview room, the detective must inform the witness that he/she has the right to leave upon request.**

## IX.   CIRCUMSTANCES RELATING TO VOLUNTARINESS

The following are circumstances that the courts have considered in assessing whether a reasonable person would believe that he/she is free to leave, but no single factor is determinative and this list is not meant to preclude other relevant factors from being considered:

A.  the setting of the interview, such as whether it is in a Police Facility;

C.  how the witness came to the attention of the police, such as whether the witness affirmatively contacted the police;

D.  the method of how the witness was transported to the Police Facility, such as whether the witness came to the Police Facility on his/her own initiative without the aid of the police;

E.  whether the witness was required to appear at a particular time;

F.  the length of the interview;

G. whether the witness was granted requests for breaks and provided with reasonable access to bathroom facilities, food and drink;

H. the focus of the questioning on someone other than the witness;

I. whether the witness was threatened or pressured or whether the police appealed to the witness's sense of duty and helpfulness in solving and preventing crimes;

J. whether the witness had self-interest in cooperating, such as a witness who seeks a deal on another charge against that witness in exchange for cooperation;

K. whether the witness is the victim or a close family member of the victim.

## X.   WITNESS ADVISORY MODULE WITHIN THE C.H.R.I.S. REPORTING SYSTEM

Effective 0001 hours, 01 December 2006, a new Treatment of Witness Advisory module will exist in the C.H.R.I.S. Reporting System. Whenever a witness is added in a Supplementary Report, a screen will appear, asking if the Treatment of Witness Advisory was given to the witness. The detective completing the report must reconcile this screen with either a "yes" or a "no" and complete the related fields before he or she may proceed with the report.

## XI.   PROCEDURES

A. When completing a Supplementary Report in C.H.R.I.S., when entering the last name or descriptors of a witness, a dialogue box entitled "Witness Window" will appear on the screen.

B. If the Treatment of Witness Advisory **was** given to the witness being entered, the reporting detective will select "Yes" from the drop-down field in the box. The detective will then be required to complete the "Date/Time Given" and "Given By" fields before selecting the "Done" button. The system will not allow the reporting detective to proceed to the next step in the reporting process until this procedure is completed.

C. If the Treatment of Witness Advisory **was not** given to the witness being entered, the reporting detective will select "No" from the drop-down field in the box. The reporting detective must then enter the reason as to why the advisory was not given, by typing a brief explanation in the "Why Not?" field of the box. This is a free-form box which has a maximum input of 255 characters, allowing for a brief description.

D. After entering the necessary information in the "Why Not ?" field, the detective will click the "Done" button to close the box. The system will not allow the reporting detective to proceed to the next step in the reporting process until this procedure is completed.

E. None of the above entries are visible in the current version of the printed Supplementary Report.

## XII.   SUPERVISORS RESPONSIBILITIES

A.  Because the Witness Advisory module is a mandatory step anytime a witness is entered in the C.H.R.I.S. Reporting System, all reports submitted for approval that contain witness entries will be checked either "yes" or "no" for the Witness Advisory.

B.  If a supervisor wishes to verify that a Treatment of Witness Advisory was given, the supervisor will open the report in C.H.R.I.S., click on the last name of the witness, then press the tab button on the computer keyboard.  The Witness Window will then appear.


Maria M. Maher
Chief
Detective Division